IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jesse Edmond, #135322, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Jon E. Ozmint, Colie Rushton, Leroy )<br>Cartledge, Joyce L. Young, and )<br>Jennifer Franklin, each in their )<br>individual capacities, )<br>)<br>Defendants. )<br>) | Civil Action No. 6:08-3288-GRA-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

This matter is before the court on the plaintiff's motion to remand and amended motion to remand (docs. 11 and 17). In his complaint, which was originally filed in the Court of Common Pleas in McCormick County, South Carolina, the plaintiff alleges that the defendants, all employees of the South Carolina Department of Corrections ("SCDC"), violated his constitutional rights by preventing him from sending legal mail. He alleges claims pursuant to Title 42, United States Code, Section 1983 for conspiracy to violate civil rights, violation of his First and Eighth Amendment rights, and for civil conspiracy, negligence, and gross negligence pursuant to the South Carolina Tort Claims Act.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The defendants were served the summons and complaint for this action on August 26, 2008. The defendants filed a notice of removal with the United States District Court for the District of South Carolina on September 25, 2008, which was within the 30-day deadline established by 28 U.S.C. § 1446(b).

The plaintiff's allegations in his complaint clearly raise a question of federal law, in that the plaintiff's action is styled as a Section 1983 action and he raises constitutional claims. In this instance, it is clear that the requirements set forth in 28 U.S.C. § 1441 are met, and this court has jurisdiction over the claims asserted in this matter. The defendants timely and appropriately removed the underlying state court action from McCormick County, South Carolina.

In his motion to remand, filed on October 1, 2008, the plaintiff asserts that the notice of removal is deficient in that there was a typographical error in the closing paragraph. The defendants have filed a "corrected" notice of removal, which corrected the typographical error that was present in the "WHEREFORE" paragraph of that document and have served the plaintiff with a copy of that corrected document. *See* def. opp. m. to remand, ex. A. The original notice of removal mistakenly referenced "Richland County" as the county where the complaint was originally filed, while "McCormick County" should have been referenced. The correct county was referenced elsewhere in the notice.

The defendants properly removed this case to the Anderson/Greenwood Division of the United States District Court for the District of South Carolina as required by 28 U.S.C. § 1446. The Anderson/Greenwood Division is the appropriate division of the United States District Court for the District of South Carolina, because the Greenwood Division includes McCormick County, South Carolina, as is evidenced by 28 U.S.C. § 121(8).

Also, in his motion to remand, the plaintiff asserts that the defendants' notice of removal is deficient due to the defendants' failure to post a "removal bond." The plaintiff

2

asserts that a removal bond is required pursuant to 28 U.S.C. § 1446(d). That statute provides in pertinent part:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State Court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Nothing in this section requires, or even mentions, a "removal bond." The defendants state that they are not aware of any requirement that a bond be posted in order to effectuate removal from a state court, and this court is also unaware of such a requirement.

The plaintiff also asserts that the defendants' efforts to remove this matter are deficient in that, as the plaintiff claims, the removal was done only to delay this matter and to prevent a motion for default from being filed. The defendants assert and this court finds that the notice of removal was timely and appropriately filed with the court. Additionally, the defendants assert and this court finds that the answer was timely filed pursuant to Federal Rule of Civil Procedure 81(c)(2)(C).

Next, the plaintiff claims the defendants' notice of removal is deficient because the summons and complaint that were attached to the notice of removal are not exactly the same as the summons and complaint that were served upon the defendants. In particular, the plaintiff alleges that since the summons and complaint that were attached to the notice of removal bear a "received" stamp from the Insurance Reserve Fund, that being the insurance organization that retained defense counsel, the notice of removal is defective, because the defendants did not submit a "mirror image" copy of the summons and complaint on file with the court. The plaintiff does not allege that there are any other differences in the summons and complaint attached to the notice of removal and the ones on file with the Court of Common Pleas in McCormick County. The plaintiff's allegation

does not defeat the removal.  28 U.S.C. § 1446(a) requires that "a copy of all process, pleadings, and orders served upon [the defendants] in such action" be included with the notice of removal.  The defendants have met their obligation, and the objection raised by the plaintiff does not state grounds for remand.

The plaintiff's remaining grounds for remand, that Congress' intent was to limit removal and that statutes governing removal are to be strictly construed in favor of remand, are also meritless as the defendants have fully complied with the statutes and rules governing removal.  On October 14, 2008, the plaintiff filed an amended motion to remand, which, like his original motion, raises meritless grounds for remand.  The plaintiff's allegations in this case clearly set forth questions of federal law, and it is uncontested that a lawsuit under 42 U.S.C. § 1983 could be brought in the original jurisdiction of the appropriate federal court.  Further, the defendants have removed the case to the appropriate division.  *See* 28 U.S.C. § 1441(a).

Based upon the foregoing, it is recommended that the plaintiff's motion to remand and amended motion to remand (docs. 11 and 17) be denied.

WILLIAM M. CATOE  
UNITED STATES MAGISTRATE JUDGE

October 15, 2008  
Greenville, South Carolina