UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jesse Edmond | ) | C/A No.: 6:08-cv-03288-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| Jon E. Ozmint, Colie Rushton, | ) | |
| Leroy Cartledge, Joyce L. Young, and | ) | |
| Jennifer Franklin, each in their | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on October 18, 2008. Plaintiff originally filed a complaint pursuant to 42 U.S.C. § 1983 in South Carolina state court. On September 25, 2008, the defendants filed for removal. The plaintiff, Jesse Edmond, filed a motion to remand on October 1, 2008, and an amended motion to remand on October 14, 2008. The defendants contest these motions.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*,

454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiff has offered four objections to the magistrate's Report and Recommendation.

   a. **Removal to the Greenwood/Anderson Division**

The plaintiff argues that the defendant's improperly removed his case to Anderson/Greenwood division, when it should be in the Columbia Division. As a threshold matter, it is important to note that on October 3, 2008, Judge Catoe issued an Order explaining that the true division of this case was Anderson/Greenwood, but that pretrial would be heard in the Greenville Division. In addition, 28 U.S.C. § 1446 (a) provides that a defendant who wishes to remove a civil action from State court must "file in the district court of the United States for the district and division within

which such action is pending." In this case, the plaintiff filed the underlying state claim in the Court of Common Pleas for McCormick County. McCormick County is within the Greenwood Division. 28 U.S.C. § 121 (8). Accordingly, the plaintiff's case was property removed to the Anderson/Greenwood Division.

b. **Failure to post a removal bond**

The plaintiff argues that the defendant's motion for removal is invalid because they failed to post a bond. In making this argument, the plaintiff cites numerous pre-1988 authorities that explain the bond requirement. However, a bond is not required for removal under current law. *See* 28 U.S.C.A. § 1446; *see also* David D. Siegal, *Commentary on the 1998 Revision of Section 1446*, (explaining that the Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, 102 Stat 4642 (1988) eliminated the bond requirement in cases of removal). Accordingly, this objection is without merit.

c. **Subject Matter Jurisdiction**

The plaintiff additionally argues that the Federal Court lacks jurisdiction to hear his case. Federal Courts are of limited jurisdiction, and posses only the powers authorized by congress or the Constitution. *Bender v. Williamsport Area School Dist.*, 75 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986). The Court has jurisdiction over this case because it was filed under 28 U.S.C. § 1983. Section 1983 " 'is not itself a source of substantive rights ,' but merely provides 'a method for vindicating federal

rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689 (1979)). Moreover, the very purpose of § 1983 is to open "*the federal courts* to private citizens, offering a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nation." *Mitchum v. Foster*, 407 U.S. 225, 239, 92 S.Ct. 2151, 2160 (1972) (emphasis added).  Thus, the very purpose of a § 1983 suit is of it to be heard in Federal Court. Accordingly, the plaintiff's argument that this court lacks jurisdiction to hear his § 1983 claim is without merit.

### d. **Attachment of State Court Proceedings**

Finally, the plaintiff that the notice of removal is deficient because the summons and complaint that were attached to the notice of removal are not exactly the same as the summons and complaint that were served upon the defendants.  In particular the plaintiff argues that the "Received" stamp on the pleadings makes them ineffective.  As the magistrate points out, this argument takes an overly strict reading of the § 1446, and is completely without merit.

### E. **Conclusion**

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case.    Therefore, this Court adopts the Report and Recommendation in its entirety.

For the forgoing reasons, the Plaintiff's motion to remand is denied.

IT IS SO ORDERED

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October 31, 2008

**NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**