IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jesse Edmond, #135322, ) | |
| ) | Civil Action No. 6:08-3288-GRA-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND** |
| Jon E. Ozmint, Colie Rushton, Leroy ) | **REPORT OF MAGISTRATE JUDGE** |
| Cartledge, Joyce L. Young, and ) | |
| Jennifer Franklin, each in their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

This matter is before the court on the plaintiff's motion for temporary restraining order and/or preliminary injunction (doc. 27) and motion to compel discovery (doc. 28) and the defendants' motion to compel discovery (doc. 40). In his complaint, which was originally filed in the Court of Common Pleas in McCormick County, South Carolina, the plaintiff alleges that the defendants, all employees of the South Carolina Department of Corrections ("SCDC"), violated his constitutional rights by preventing him from sending legal mail. He alleges claims pursuant to Title 42, United States Code, Section 1983 for conspiracy to violate civil rights, violation of his First and Eighth Amendment rights, and for civil conspiracy, negligence, and gross negligence pursuant to the South Carolina Tort Claims Act.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to

review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

*Temporary Restraining Order*

On December 15, 2008, the plaintiff filed a motion for a temporary restraining order and/or preliminary injunction. In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

(a) The plaintiff's likelihood of success in the underlying dispute between the parties;

(b) whether the plaintiff will suffer irreparable injury if the injunction is not issued;

(c) the injury to the defendant if the injunction is issued; and

(d) the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271. If the balance tips decidedly in favor of the plaintiff, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." However, if the balance does not tip decidedly there must be a strong probability of success on the merits. *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812-13 (4th Cir. 1991). Lastly, the court must evaluate whether the public interest favors granting preliminary relief. *Id.* at 814.

The plaintiff seeks a temporary restraining order or preliminary injunction against Elizabeth Walker, the librarian at McCormick Correctional Institution. The plaintiff contends that Ms. Walker refused to make copies of certain discovery material for him. The defendants oppose the motion, arguing that the plaintiff is seeking a mandatory injunction to change the *status quo* by seeking affirmative preliminary relief against a non-party and, as such, a preliminary injunction is inappropriate. *See County of Richland v. Simpkins*, 560 S.E.2d 902, 905 (S.C. Ct. App. 2002) ("the inherent purpose behind the equitable remedy of an injunction [is] to preserve the *status quo*"). The defendants further argue that the plaintiff has provided no verification that he is subjected to the alleged behavior from a non-party that he sets forth in his motion, and he has not established any injury or potential injury from that behavior. This court agrees. Based upon the foregoing, the plaintiff's motion (doc. 27) should be denied.

***Motions to Compel***

On December 15, 2008, the plaintiff filed a motion to compel discovery and for sanctions against the defendants. He argues that the defendants have failed to completely respond to his two sets of interrogatories and requests for admission and one set of requests for production. He contends the defendants have made boilerplate objections and are "stonewalling" his discovery attempts. The defendants also objected that the plaintiff's interrogatories exceeded the number allowed by Federal Rule of Civil Procedure 33. Accordingly, the plaintiff requests leave to serve the additional interrogatories.

The defendants oppose the motion, arguing that they timely served answers and/or appropriate objections to the plaintiff's discovery requests. The defendants requested in some of the responses that the plaintiff clarify or limit the scope of the request. The plaintiff did not submit any clarifications, limiting statements, or objections to the

defendants' response until he filed the instant motion. Further, the defendants note that they appropriately objected to the second set of interrogatories as the number exceeded the maximum number allowable under Rule 33. The plaintiff filed a reply to the defendants' response brief, clarifying some of his discovery requests. The defendants then filed supplemental responses to the discovery requests based upon the plaintiff's clarifications. The court has reviewed the defendants' original and supplemental responses to the discovery requests and finds that the responses are adequate. Accordingly, the plaintiff's motion to compel (doc. 28) is denied, and his request for sanctions is also denied.

While the plaintiff objected that the defendants did not individually sign the responses to his discovery requests, the defendants note that their counsel of record did sign the discovery requests and that they can provide a second copy of their responses, along with the signatures of the defendants, to the plaintiff. The defendants are directed to do so within by March 16, 2009.

On January 22, 2009, the defendants filed a motion to compel the plaintiff to fully respond to their interrogatories and requests for production, which were served upon the plaintiff on November 11, 2008. Specifically, the defendants assert that the plaintiff's responses to the Interrogatories 6 and 7 and Requests for Documents 1, 3, and 4 are deficient. The plaintiff has refused to fully respond to the defendants' discovery requests that seek the production and discovery of the documents the plaintiff claims he was trying to file with the court during the two periods of time set forth in his complaint, namely December 2006 and June 2008. The plaintiff has objected to the defendants' discovery requests on the grounds that those requests "seek[] disclosure of irrelevant matters such as the factual allegations of an unrelated and unfilled case, which are exempt from disclosure under the work product doctrine, containing the subjective thoughts and mental processes of Plaintiff as his own counsel. Plaintiff further objects on the grounds of privilege" (def. m. to compel, ex. B, interrog. 6, 7).

4

The defendants assert that the plaintiff's objections to producing the requested information and documentation are insufficient. This court agrees. The plaintiff has claimed that his constitutional rights were violated due to the defendants' alleged actions in denying him the ability to mail the documents that are now sought to be produced through the discovery process. Furthermore, his claim of privilege is misplaced, as it is clear from the plaintiff's own pleadings that the documentation and information sought was to be published in a court of public record. The plaintiff did not file any response to the motion to compel. Based upon the foregoing, the defendants' motion to compel (doc. 40) is granted, and the plaintiff is directed to serve the requested information on the defendants within 20 days of the date of this order.

Wherefore, based upon the foregoing:

IT IS ORDERED that the plaintiff's motion to compel (doc. 28) is denied, and the defendants' motion to compel (doc. 40) is granted. Further,

IT IS RECOMMENDED that the plaintiff's motion for temporary restraining order (doc. 27) be denied.

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

March 6, 2009
Greenville, South Carolina