IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Jesse Edmond, #135322, | ) |
| Plaintiff, | ) Civil Action No. 6:08-3288-GRA-WMC |
| vs. | ) |
| Jon E. Ozmint, Colie Rushton, Leroy Cartledge, Joyce L. Young, and Jennifer Franklin, each in their individual capacities, | ) **ORDER** |
| Defendants. | ) |

This matter is before the court on the defendants' motion for sanctions (doc. 57). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. In his complaint, which was originally filed in the Court of Common Pleas in McCormick County, South Carolina, the plaintiff alleges that the defendants, all employees of the South Carolina Department of Corrections ("SCDC"), violated his constitutional rights by preventing him from sending legal mail. He alleges claims for conspiracy to violate civil rights, violation of his First and Eighth Amendment rights, and for civil conspiracy, negligence, and gross negligence pursuant to the South Carolina Tort Claims Act.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On January 22, 2009, the defendants filed a motion to compel the plaintiff to fully respond to their interrogatories and requests for production, which were served upon

the plaintiff on November 11, 2008. Specifically, the defendants asserted that the plaintiff's responses to the Interrogatories 6 and 7 and Requests for Documents 1, 3, and 4 were deficient. The plaintiff had refused to fully respond to the defendants' discovery requests that sought the production of the documents the plaintiff claims he was trying to file with the court during the two periods of time set forth in his complaint. On March 6, 2009, this court granted the defendants' motion to compel and ordered the plaintiff to serve the requested information on the defendants within 20 days.

In his objections to this court's order, the plaintiff argued that it was impossible for him to comply with the order since "Ms. Walker [the acting librarian at McCormick Correctional Institution] simply will continue refusing to make copies for Plaintiff." He further argued that SCDC policy prevented him from being able to make copies of documents he had created. In response to the plaintiff's objections, the defendant acquired an affidavit from Ms. Elizabeth Walker. In that affidavit, Ms. Walker testified that the general policy within SCDC is that documents created by an inmate are not copied since the inmate in question can simply create another copy of the document (def. m. for sanctions, ex. A, Walker aff.). However, Ms. Walker also testified that if an inmate comes to the library with a court order that requires him to provide copies of certain documents to opposing parties in active litigation, then the copies would be made regardless of the above mentioned policy. *Id.* Furthermore, Ms. Walker testified that she is not aware of the plaintiff having requested any copies since December 2008, meaning that the plaintiff has not even attempted to have the documents in question copied since this court's order was issued. *Id.*

On August 13, 2009, the defendants filed the motion for sanctions now before the court. The defendants note that not only has the plaintiff failed to produce the documents responsive to their requests to produce, he has also failed to provide complete responses to Interrogatories 6 and 7 as previously ordered by this court. The plaintiff's

2

entire allegations center around the purported denial on the part of SCDC to mail out the documents in question. The defendants argue that in order to adequately defend this lawsuit they need to know exactly what the plaintiff was allegedly trying to mail from the prison. This court agrees. The defendants request that the plaintiff again be ordered to provide the requested documents and responses to interrogatories. In the alternative, the defendants request that the case be dismissed as a sanction for the plaintiff's failure to abide by the court's order.

Based upon the foregoing, plaintiff's motion is granted in part. The plaintiff is directed to fully and completely respond to the discovery requests referred to in the defendants' motion to compel and the March 6, 2009, order. With regard to the document production, the plaintiff is directed to provide the documents at issue to Ms. Walker so that copies can be made. The plaintiff may use either this order or the March 6, 2009, order as proof that the copies are required for an active case. The plaintiff must mail the documents to defense counsel on or before September 11, 2009. If the plaintiff fails to comply with this order, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).[1]

September 1, 2009

Greenville, South Carolina

WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

---

[1] Rule 41(b) provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ." Fed.R.Civ.P. 41(b).

3