```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF SOUTH CAROLINA
                         GREENVILLE DIVISION
```

Jesse Edmond,                        )
                                     )  C/A No.: 6:08-cv-03288-GRA
            Plaintiff,               )
                                     )
     v.                              )  **ORDER**
                                     )  (Written Opinion)
John E. Ozmint, Director, et al.,    )
                                     )
            Defendants.              )
_____      )

This matter comes before the Court to review Magistrate Judge William M. Catoe's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., filed on March 6, 2009. The magistrate recommends that this Court deny Plaintiff's Motion for a "Temporary Restraining Order and/or Preliminary Inunction." For the reasons stated herein, this Court adopts the magistrate's recommendation in its entirety.

## **Background**

This action, originally removed to federal court on September 25, 2008, stems from Plaintiff's incarceration at McCormick Correctional Institution. Plaintiff has generally alleged that he has been denied access to the courts, denied due process, and denied equal protection under the law in violation of 42 U.S.C. § 1983.

On December 15, 2008, Plaintiff filed the Motion at issue, requesting a temporary restraining order or preliminary injunction against Elizabeth Walker, the librarian at McCormick Correctional Institution. Plaintiff contends that Ms. Walker refused to make copies of certain discovery material for him. The magistrate recommended denying Plaintiff's Motion in his March 6, 2009 Report and Recommendation. Plaintiff filed objections on March 26, 2009.

### **Standard of Review**

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may

also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). As noted above, Plaintiff filed objections on March 26, 2009.

## **Discussion**

The Court first reiterates that it may only consider non-conclusory objections to the Report and Recommendation that direct this Court to a specific error. Plaintiff's "objections" mostly reference the magistrate's Report and Recommendation, take issue with the magistrate's judicial ability, and do not adequately address errors in the magistrate's proposed findings. Much of the objections restate the alleged facts of the case or reargue issues already decided by

the magistrate. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.

To the extent Plaintiff raises cognizable and specific objections to the magistrate's Report and Recommendation, those objections are addressed below.

First, Plaintiff objects to the magistrate's finding that he has provided no verification that he is subject to the behavior set forth in his Motion. Plaintiff points to his own statements in his Motion as verification. (Pl.'s Obj. at 2, Dkt. No. 55.) However, if a party bringing a restraining order were able to rely solely on his own self-serving statements as verification, then restraining orders would be issued as a matter of course. Further, the Fourth Circuit's requirement that parties moving for a restraining order make a strong showing of irreparable harm would become a nullity. *See Scotts Co. v. United Indus. Corp*., 315 F.3d 264, 271 (4th Cir. 2002). Accordingly, Plaintiff's objection is without merit.

Second, Plaintiff objects to the magistrate's finding that Plaintiff has not established injury or potential injury. Specifically, Plaintiff claims that based on Ms. Walker's conduct, he is not able to make copies of documents which he is required to serve on opposing parties. In addition to not verifying his bald assertions, the record in this case shows Plaintiff has not proven an injury or potential injury. On several occasions subsequent to filing for a restraining order Plaintiff has filed certificates of service claiming he has provided copies of documents to Defendants in this case. (*See* Dkt. Nos. 43, 66.) Therefore, Plaintiff's objection is without merit.

To the degree Plaintiff states any other cognizable objections, they are moot because the record shows Plaintiff has failed to make the threshold showing that irreparable harm would result if the injunction were denied.

Therefore, after a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED that Plaintiff's Motion for a "Temporary Restraining Order and/or Preliminary Inunction" is DENIED.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

February 3 , 2010
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**